# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM RODRIGUEZ,       | : | |
|     Petitioner | : | |
| | : | No. 1:20-cv-01835 |
| v. | : | |
| | : | (Judge Kane) |
| SCOTT FINLEY, | : | |
|     Respondent | : | |

## MEMORANDUM

On October 7, 2020, pro se Petitioner William Rodriguez ("Petitioner"), who is presently incarcerated at the Federal Correctional Institution Schuylkill in Minersville, Pennsylvania ("FCI Schuylkill"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner asserts that he is entitled to credit toward his sentence for a 26-month period while he was in pre-trial custody. (Id.) Petitioner paid the requisite filing fee on October 14, 2020. In an Order dated October 15, 2020, the Court directed Respondent to show cause why Petitioner should not receive the relief requested. (Doc. No. 4.) Respondent filed his response on October 28, 2020. (Doc. No. 6.) In an Order dated November 18, 2020, the Court directed Respondent to file a supplemental response addressing Petitioner's argument that the "writ of habeas corpus ad prosequendum used to borrow him from state custody was addressed to another individual." (Doc. No. 7.) Respondent filed his supplemental response on November 23, 2020. (Doc. No. 8.) After receiving an extension of time to do so (Doc. Nos. 9, 10), Petitioner filed his traverse on December 14, 2020 (Doc. No. 11). Respondent filed an additional supplemental response to clarify the record on December 15, 2020. (Doc. No. 12.) Accordingly, Petitioner's § 2241 petition is ripe for disposition.

**I.     BACKGROUND**

On August 23, 2010, the Suffolk County First District Court in Central Islip, New York, sentenced Petitioner to forty-two (42) months' imprisonment for gang assault and assault with a weapon with intent to cause physical injury. (Doc. No. 6-1 at 1-2.) Petitioner was transferred to the custody of the New York Department of Corrections to begin his sentence on September 3, 2020. (Id. at 2.) He received credit for 122 days of prior custody "applied from December 10, 2008, through January 7, 2009, and June 2, 2010, through September 2, 2010." (Id.)

On October 15, 2010, the United States District Court for the Eastern District of New York issued a writ of habeas corpus ad prosequendum in Petitioner's name. (Doc. No. 12-1 at 1-2.) On October 28, 2010, Petitioner was temporarily loaned to the United States Marshals Service ("USMS") "for federal prosecution in Case Number CR-10-281 (S-3)-11 before the United States District Court for the Eastern District of New York." (Doc. No. 6-1 at 2) On December 12, 2010, the United States District Court for the Eastern District of New York sentenced Petitioner to 156 months' imprisonment for attempted assault with a dangerous weapon and discharge of a firearm during a crime of violence. (Id. at 2, 13.) The court ordered Petitioner's sentence "to be served consecutive to [his] undischarged term of imprisonment in New York State." (Id. at 13.) On December 19, 2012, Petitioner was returned to state custody to complete his state sentence, and a federal detainer was lodged against him. (Id. at 2, 9.)

On April 29, 2013, Petitioner was paroled by the New York Department of Corrections and was taken into custody by the Bureau of Prisons ("BOP") to begin serving his federal sentence. (Id. at 2, 20-24.) The BOP computed Petitioner's sentence from April 29, 2013, his parole date. (Id. at 23.) Petitioner's projected release date, with good conduct time, is August 14, 2024. (Id.) Petitioner was "not awarded prior custody credit since all other detention time

since his initial December 10, 2008, arrest until his April 29, 2013, release on parole was applied to the New York state term." (Id. at 2.)

In his § 2241 petition, Petitioner asserts that he is entitled to prior custody credit toward his federal sentence for the period from October 28, 2010 through December 19, 2012. (Doc. No. 1 at 6-7.) He maintains that the writ of habeas corpus ad prosequendum used to borrow him from state authorities was fraudulent because it was not issued under his name, but rather was issued under the name Robert Williams. (Id. at 7, 28.) Petitioner contends that because the State of New York failed to object to the writ, it forfeited primary jurisdiction over him. (Id. at 7.) Petitioner also suggests that the State of New York had no authority to transfer custody to the USMS because no writ of habeas corpus ad prosequendum exists. (Doc. No. 11.) As relief, Petitioner requests that the Court order the BOP to grant him the credit sought. (Doc. No. 1 at 8.)

## II.     DISCUSSION

The Attorney General is responsible for computing federal sentences for all federal offenses committed after November 1, 1987. See 18 U.S.C. § 3585; United States v. Wilson, 503 U.S. 329, 331-32 (1992). The Attorney General has delegated this authority to the Director of the BOP. See 28 C.F.R. § 0.96. The process of computing a federal sentence is governed by 18 U.S.C. § 3585 and consists of two steps: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which the inmate may be entitled. See Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

Section 3585(a) provides that a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." See 18 U.S.C.

§ 3585(a).  As noted supra, Petitioner's federal sentence commenced on April 29, 2013, following his release on parole by the New York Department of Corrections.  (Doc. No. 6-1 at 2, 20-24.)  Petitioner does not contest that this is the date on which his federal sentence commenced.[1]  Rather, Petitioner seeks prior custody credit for the period from October 28, 2010 through December 19, 2012, when he was borrowed from state custody by the USMS pursuant to a writ of habeas corpus ad prosequendum.  However, as discussed below, Petitioner is not entitled to such credit.

18 U.S.C. § 3585(b) specifies that:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

---

[1] Nothing in Petitioner's § 2241 petition suggests that he is seeking a nunc pro tunc designation of his federal sentence.  Even if he were, Petitioner would not be entitled to such a designation.  As this Court has previously noted:

[i]f the defendant was in non-federal primary custody at the time the federal sentence was imposed, and the federal sentencing court was silent as to its intent to run the federal sentence concurrently with the non-federal sentence, the prisoner may ask the BOP to exercise its discretion pursuant to 18 U.S.C. [§] 3621(b) to designate the state prison as the place of imprisonment for the federal sentence, effectively making the sentences concurrent.  The BOP may implement such a designation nunc pro tunc.

See McCarthy v. Warden, No. 1:CV-12-0846, 2013 WL 3943551, at *3 (M.D. Pa. July 29, 2013) (citing 18 U.S.C. § 3621; Setser v. United States, 566 U.S. 231, 234-36 (2012); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990)); see also Prescod, Jr. v. Schuylkill, 630 F. App'x 144, 147 (3d Cir. 2015) (noting that, pursuant to BOP Program Statement 5160.05, federal and state sentences "should run concurrently 'only when it is consistent with the intent of the sentencing [f]ederal court, or with the goals of the criminal justice system'").  When "determining the intent of the sentencing court, the BOP considers the judgment of convictions, as well as federal and state sentencing data."  See Prescod, 630 F. App'x at 147.  In the instant case, the judgment and commitment order entered by the sentencing court explicitly stated that Petitioner's federal sentence was "to be served consecutive to [his] undischarged term of imprisonment in New York State."  (Doc. No. 6-1 at 13.)  Thus, the sentencing court was not silent as to its intent regarding whether Petitioner's federal sentence would be concurrent or consecutive to his New York state sentence, and a nunc pro tunc designation would not be consistent with the sentencing court's intent.

4

>   (1) as a result of the offense for which the sentence was imposed; or
>
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

See 18 U.S.C. § 3585(b). Thus, under § 3585(b), "prior custody credit cannot be granted if the prisoner has received credit toward another sentence." See Staples v. Williamson, No. 1:06-cv-2426, 2007 WL 2011489, at *3 (M.D. Pa. July 6, 2007). "Congress made clear that a defendant could not receive a double credit for his detention time." See Wilson, 503 U.S. at 337. Petitioner did not receive prior custody credit toward his federal sentence "since all other detention time since his initial December 10, 2008, arrest until his April 29, 2013, release on parole was applied to the New York state term." (Doc. No. 6-1 at 2.)

Petitioner, however, asserts that he is entitled to credit for the period of time during which the USMS held him pursuant the writ of habeas corpus ad prosequendum because the State of New York forfeited primary jurisdiction because the State released him "without a writ of habeas corpus ad prosequendum duly ex[e]cuted by a federal judge or magistrate." (Doc. No. 11 at 1.)[2] A federal sentence does not begin to run when an individual is taken into federal custody from state custody pursuant to a writ of habeas corpus ad prosequendum because the state remains the primary custodian in such circumstances. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002). Rather, the jurisdiction that first arrests an offender has primary

---

[2] Petitioner also maintains that the State of New York transferred custody to the USMS pursuant to a writ of habeas corpus ad prosequendum issued to Robert Williams at FCI Schuylkill on October 15, 2010. (Doc. No. 1 at 15.) Robert Williams was one of Petitioner's co-defendants in his criminal proceedings in the Eastern District of New York. See United States v. Cordero, et al., No. 2:10-cr-281 (E.D.N.Y.). Petitioner, however, has presented no evidence suggesting that this writ was the actual writ used by the USMS to borrow him from state custody. Moreover, as noted supra, Respondent has produced a copy of the writ of habeas corpus ad prosequendum issued to Petitioner. (Doc. No. 12-1.)

jurisdiction over the offender until that sovereign relinquishes it to another jurisdiction by, for example, release on bail, dismissal of the state charges, release on parole, or the expiration of the state sentence.  See Taylor v. Reno, 164 F.3d 440, 444 (9th Cir. 1998); Chambers, 920 F. Supp. at 622.  "A prisoner produced under such a writ is essentially 'borrowed' from the state with primary jurisdiction."  Hanrahan v. Oddo, No. 1:17-cv-1495, 2019 WL 1620060, at *3 (M.D. Pa. Apr. 16, 2019).

In support of his argument, Petitioner cites to the United States Court of Appeals for the Tenth Circuit's decision in Weekes v. Fleming, 301 F.3d 1175 (10th Cir. 2002).  In Weekes, the petitioner, who was first in state custody in Idaho, was later taken into custody by the USMS for federal drug charges.  See id. at 1177.  He was transferred back to state custody pursuant to a writ of habeas corpus ad prosequendum, where he was sentenced to a term of imprisonment for a probation violation.  See id.  The state court ordered that the petitioner's sentence should run concurrently with any federal sentence imposed regarding the same charge.  See id.  The petitioner was then returned to federal custody, where he pled guilty and was sentenced to 188 months' imprisonment.  See id.  He was then transferred to a federal penitentiary, where staff later discovered that he had not yet served the state sentence.  See id.  The petitioner was subsequently transferred to a state correctional institution, and he was then transferred back to the custody of the BOP after serving his state sentence.  See id. at 1178.

The petitioner then filed a § 2241 petition, asserting that his federal sentence began on the date on which he was initially designated to a federal penitentiary and, therefore, "that he should be released or at least be given credit on his federal sentence for the five years that he was incarcerated in state prison."  See id.  The Tenth Circuit concluded that although the state had had primary custody of the petitioner, the state had relinquished that custody by permitting the

USMS "to take exclusive physical custody of [him] without presenting either a written request for temporary custody or a writ of habeas corpus ad prosequendum." See id. at 1181. Therefore, there was a presumption "that both the United States and Idaho agreed to a permanent change of custody." See id. The Tenth Circuit noted that this presumption was "born out by the further acts of the two sovereigns." See id. For example, Idaho used a writ of habeas corpus ad prosequendum to regain custody of the petitioner for the probation violation hearing. See id. Moreover, Idaho "lodged a detainer expressly noting that his state sentence was concurrent and requesting [the petitioner's] return to the state prison system upon completion of his federal sentence, further affirmatively showing its relinquishment of [him] to federal primary custody." See id. Given these facts, the Tenth Circuit concluded that the petitioner "must be given federal credit for time served since February 21, 1995, the date his federal sentence actually commenced." See id.

In his traverse, Petitioner asserts that, like in Weekes, "there is no writ of habeas corpus ad prosequendum on file showing [that he] was 'borrowed' from the state." (Doc. No. 11 at 3.) He maintains that Respondent's reliance on the arrest warrant and federal detainer are misplaced because these "documents cannot stand in stead of a writ of habeas corpus ad prosequendum." (Id.) Unlike in Weekes, however, Respondent has produced a copy of the writ of habeas corpus ad prosequendum used by the USMS to temporarily take custody of Petitioner. (Doc. No. 12-1.) Furthermore, unlike in Weekes, Petitioner's federal judgment of sentence explicitly stated that his federal sentence would run "consecutive to [his] undischarged term of imprisonment in New York State." (Doc. No. 6-1 at 13.) Thus, the State of New York had "an affirmative duty to return [Petitioner] to state custody following the completion of the state sentence." See Lee v. Scarantino, No. CIV-16-962-R, 2016 WL 7174417, at *3 (W.D. Okla. Nov. 21, 2016), report and

recommendation adopted, 2016 WL 7174065 (W.D. Okla. Dec. 8, 2016).  Quite simply, there is no evidence before the Court that the State of New York "voluntarily relinquished control over Petitioner."  See Cherry v. O'Brien, No. 3:13-cv-1, 2013 WL 3152362, at *5 (N.D. W. Va. June 19, 2013); see also Cannon v. Deboo, No. 5:08-cv-69, 2009 WL 692148, at *8 (N.D. W. Va. Mar. 13, 2009) (concluding that even if state authorities "erroneously remitted the petitioner to federal authorities without a writ, . . . nothing on the record demonstrate[d], or even suggest[ed], that state officials indicated to federal authorities that the petitioner had completed his state sentence").  By accepting Petitioner's return to state custody after his federal sentence was imposed, the State of New York in no way indicated that it had relinquished primary jurisdiction over Petitioner.

In sum, the record before the Court reflects that the State of New York did not relinquish primary jurisdiction over Petitioner when it transferred him to the USMS pursuant to the writ of habeas corpus ad prosequendum.  Thus, Petitioner remained in continuous primary state custody until he was paroled on April 29, 2013.  Moreover, the period of custody from October 28, 2010 through December 19, 2012 was credited toward Petitioner's state sentence and, therefore, Petitioner cannot receive prior custody credit toward his federal sentence for this time.  See 18 U.S.C. § 3585(b); Wilson, 503 U.S. at 337.  Accordingly, the Court cannot grant Petitioner the relief he seeks and will deny his § 2241 petition.

### III.  CONCLUSION

Based on the foregoing, the Court will deny Petitioner's § 2241 petition.  (Doc. No. 1.) An appropriate Order follows.